Essex,
March,
1840.

Moore
v.
Administrator
of Rich.

---

ISRAEL CHENEY v. GEORGE W. GATES.

Where an award was required to be under *seal*, and the arbitrators executed an award and annexed thereto but one seal, at the left hand of their signatures, it was held sufficient.

DEBT, on award of arbitrators. The submission was under the seals of the parties, and the declaration alleged the award to be under seal. On the trial in the county court, the award, which was offered in evidence by the plaintiff, was objected to by the defendant, on the ground that there was but one seal, which seal was a paper attached by a wafer, at the left hand of the signatures of the arbitrators. The award did not conclude with "witness our hands and seals," &c. The county court excluded the award; whereupon the plaintiff offered to prove, by one of the arbitrators, that the seal on the award was by them affixed, as and for their seal. The defendant objected to this evidence and it was excluded by the court, and judgment was rendered for the defendant. The plaintiff excepted.

*J. S. Wells* for plaintiff.

It is not necessary that there should be as many seals to an instrument as there are persons who sign it, *one* may serve for all. 4 D. & E. 323. 9 Johns. Rep. 283. 5 Pick. Rep. 496. 1 Starkie's Ev. 332. 7 N. H. Rep. 230.

But it must be shown that all adopted the one seal; which is what the plaintiff proposed to show in this case, but was refused.

We know of no law, requiring a particular place to affix the seal to the instrument. The questions have been, " was the substance affixed intended *for* a seal ? And if more obligors than wafers, did all adopt the seals which were affixed ? " *Peate* v. *Ongley*, Comyn's Rep. 197, (cited in 2 Stark. Ev. 918.) 4 T. R. 314. 9 Johns. Rep. 286. *Bradford* v. *Randall*, 5 Pick. Rep. 496.

*William Heywood*, for defendant, cited 5 East's Rep. 83. 7 Petersd. Ab. 443, 445.

The opinion of the court was delivered by

COLLAMER, J.—The seal, in this case, is such a substance as is recognized in law as proper for a seal ; and it is clear, from the authorities, that but one such substance is considered necessary, even if there be many signers ; provided it be made to appear, in a legal manner, that the signers all adopted that as their seal. If the instrument states that it was executed under their " hands and seals," every signer is presumed to have adopted the one seal which appears. (7 New H. Rep. 230.) If the instrument has no such words, it becomes more doubtful, yet if from the nature of the transaction and contents of the paper, it is obvious that the signers must have intended to execute and deliver it as a sealed instrument, then it is to be so considered. If there be a substance affixed *in any part*, as a seal, *that* will be taken to have been adopted by each signer as his seal. This is, in substance, decided in 5 Pick. Rep. 496. In this case the arbitrators were employed about a business, which required them to execute and deliver a sealed instrument. They undertook the performance of that service and in its execution they produced this instrument. From its purpose and tenor it is obvious they intended it, and understood it, to be a sealed instrument, therefore each is presumed to have adopted the seal that is on the paper as his seal.

This view of the subject rendered any other proof on this point unimportant.

Judgment reversed.