Edwards *v.* Roys.

SAMUEL EDWARDS, JR., *v.* IRA ROYS.

A final judgment in favor of the plaintiff, in an action of ejectment, is conclusive as to the title, as between the parties.

A deed, executed while a third person is in possession of the granted premises, claiming adversely to the grantor, is nevertheless good as between the parties to the deed, and will enable the grantee to do any such acts, in the name of the grantor, as may be necessary to establish the title of the grantor; and such title, when established, will enure to the benefit of the grantee; and the deed will give to the grantee license to do all and any such acts upon the land, as the grantor himself might do.

And if final judgment, in an action of ejectment, has been recovered in the name of such grantor against the person in adverse possession of the premises, the deed from the grantor, executed prior to the recovery of such judgment, will be held a sufficient justification for the grantee, and those who act under him, on the subsequent trial of an action of trespass, brought against them by the defendant in the ejectment, for acts committed by them upon the land while the defendant in the ejectment was thus in adverse possession of the premises, and previous to the final judgment in that action.

60

TRESPASS *quare clausum fregit.* Plea, the general issue, with notice that the defendant would prove, in defence, that the title to the *locus in quo,* previous to the time of the commission of the supposed trespasses, was in one Ebenezer Parkhurst, and was conveyed by him to Darius Spaulding and Allen Spaulding, and that the alleged acts of trespass were committed by the defendant by their license and permission.   Trial by jury,—REDFIELD, J., presiding.

On trial the plaintiff gave in evidence a deed of the premises to himself from Rufus Hutchinson, Araunah Spear and Ebenezer Brackett, conveying the whole of the lot, on which the alleged trespasses were committed, and dated and recorded in April, 1839, and also introduced evidence, tending to prove that he took possession of the lot under his deed, and that, previous to October, 1840, he had cleared about ten acres upon the lot, and that, in the fall and winter of 1840, the defendant went upon the lot, and cut timber, and committed other acts of trespass.

The defendant then gave evidence, tending to prove that he went upon the land by the license and permission of Darius Spaulding and Allen Spaulding, and also offered in evidence a deed of the premises from Ebenezer Parkhurst to the Spauldings, dated October 22, 1840; to the admission of this deed the plaintiff objected, on the ground, that, at the time of its execution, the plaintiff was in possession of the premises, claiming to hold adversely to Parkhurst; but the court overruled the objection and admitted the deed.   The defendant also offered in evidence the record of a judgment, recovered by Parkhurst against the plaintiff, at the March Term, 1843, of the supreme court for Washington county, in an action of ejectment for the same premises.   To the admission of this evidence the plaintiff objected; but it was admitted by the court.   It was admitted, that Ebenezer Parkhurst was one of the original proprietors of the town of Roxbury, in which the premises were situated, and that the action of ejectment, above named, was brought in the name of Parkhurst for the benefit of Darius Spaulding and Allen Spaulding, and that the question, whether Parkhurst was such proprietor, was distinctly put in issue on the trial of the case.

The county court thereupon decided, that the plaintiff was estopped from recovering in this action by the final judgment rendered in favor of Parkhurst in the action of ejectment,—it being

Edwards *v.* Roys.

admitted, that the defendant acted, in what he did upon the premises, as the agent, or servant, of the Spauldings.

Verdict for defendant. Exceptions by plaintiff.

*J. L. Buck* for plaintiff.

In order that the record of a judgment should operate as an estoppel, it must appear, that the point in issue in the case, in which the record is pleaded, was distinctly put in issue in the former suit; and that point must be one essential to a recovery in both suits. The point, which is to create the estoppel, must have been put in issue by the *pleadings* and decided; and this must appear from the record alone. *Smith* v. *Sherwood,* 4 Conn. 276. *Evelyn* v. *Haynes,* cited in 3 East 365. In trespass *damages* to the *possession* are the only thing demanded; the judgment can only give the plaintiff an ascertained right to his damages, and the means of obtaining them; it concludes nothing upon the ulterior right of possession,—much less, of property in the land. Lᴅ. ELLENBOROUGH, in 3 East 357. In ejectment the right to recover depends upon title, without which the plaintiff cannot recover.

2. When an estoppel is matter of record, it must be pleaded, if the party have an opportunity to plead it; and if not pleaded, the jury will not be bound by it. *Isaacs* v. *Clark,* 12 Vt. 692. 8 Vt. 461. *Howard* v. *Mitchell,* 15 Mass. 241. *Adams* v. *Barnes,* 17 Mass. 365. *Church* v. *Leavenworth,* 4 Day. 274. *Ryer* v. *Atwater,* Ib. 43. If an estoppel be not pleaded, it will be considered as waived. *Brinsmaid* v. *Mayo,* 9 Vt. 31. 1 Sw. Dig. 622. In this case the record is not between the same parties, nor is there any privity between the defendant and either party to the former suit. The defendant has not acquired any title to the premises, at any time. *Adams* v. *Barnes,* 17 Mass. 365. The Spauldings, under whom the defendant claims to have entered, acquired no title by their deed from Parkhurst, as that was given while the plaintiff was in possession, claiming adversely.

3. If a recovery can be had in this suit, without proving the same facts proved upon the point in issue in the former suit, the record of that judgment could not operate as an estoppel, though it were between the same parties. The plaintiff had the possession, and is entitled to recover for any injury to that possession.

5. The deed from Parkhurst to the Spauldings was improperly admitted. It was void as to all persons, except the grantor and grantee, and was so held by the court in the case of *Parkhurst* v. *Edwards*, 15 Vt. 618. If the deed was void, so that no title was conveyed by it, it gave the defendant no right to commit the act complained of. A void deed cannot operate as a license to enter.

*L. B. Peck* for defendant.

It is apparent from the case, that the title to the lot was in Parkhurst at the time he conveyed to the Spauldings. This fact was conceded on the trial. If it had not been admitted, the recovery in the action of ejectment settled the question and estopped the plaintiff from putting in issue again the question of title. Were Parkhurst the defendant in this action, there could be no doubt, that the recovery in the action of ejectment would be conclusive. That action was brought by and for the benefit of the Spauldings, to whom Parkhurst had previously conveyed the lot, and as whose servant the defendant committed the acts now complained of as a trespass. The parties in *interest* are the same in both cases. The Spauldings recovered the judgment in the ejectment, in the name of Parkhurst, and are bound to protect the defendant from the consequences of the acts, which they directed him to perform. Indeed, may not the defendant and the Spauldings be regarded as entering on the lot under a license from Parkhurst? The conveyance from him to the Spauldings, though void on the ground of an adverse possession, should be treated as a sufficient authority for this purpose. In either view, the parties are *substantially* the same in both cases, so that the recovery in the ejectment must be held conclusive. Greenl. Ev. 601, 602. *Aslin* v. *Parkin*, 2 Burr. 665. *Wright* v. *Tatham*, 1 Ad. & El. 3, 19. *Calhoun's Lessee* v. *Dunning*, 4 Dall. 120. *Case* v. *Reeves*, 14 Johns. 82. *Whateley* v. *Menheim et al.*, 2 Esp. 608. *Thatcher* v. *Young et al.*, 3 Greenl. 67.

If, then, the title was in Parkhurst, his deed to the Spauldings, though void on the ground of an adverse possession in the plaintiff, was, in law, a license to them to enter, in person, or by their servants, and consequently the action cannot be supported. Parkhurst could not sustain an action against his grantees, or their servants, for entering on the lot, and this for the obvious reason, that they

had the right to enter under their deed. The deed is good between the parties to it. It is good against the grantor and his heirs, and conveys his title to the grantees. *Per* SAVAGE, Ch. J., in *Livingston* v. *Peru Iron Company*, 9 Wend. 511, 523. *Wade* v. *Lindsey*, 6 Met. 407, 413, 414. *Jackson* v. *Demont*, 9 Johns. 55. Bro. Abr., Tit. Feoffment. Cro. Eliz. 445.

So by the feudal law, if a man made a deed of feoffment to another of certain lands, and delivered to him the deed, but not livery of seizin, he to whom the deed was made might enter into the land, and hold and occupy it at the will of him who made the deed : because the words of the deed prove, that it is his will, that the other should have the land; but he who made the deed might put him out when it pleased him. Litt. §. 70. 1 Coke on Litt. 735. In this case it is evident, that the little to the land would not pass for want of livery of seizin. The deed was inoperative to pass that title as between the parties, but was equivalent to a *license* to enter and enjoy the lands, or, in the language of the feudal age, here it appeareth that if the feoffee doth enter, he is tenant at will, because he entereth by consent of the feoffor. If in that case the deed is, in law, a license to the feoffee to enter, *a fortiori* the deed from Parkhurst, being valid as between the parties to it, was a license to his grantees to enter. So, too, if one enters under a *void* lease, he is not a disseizor but a tenant at will. 1 Wils. 176.

It is clear, that Parkhurst might sustain an action of trespass against the plaintiff for his entry upon the lot, and another against the defendant, for the acts of which the plaintiff complains, unless the defendant's entry is regarded as made by the permission of Parkhurst. The defendant would not be liable to the plaintiff and to Parkhurst also. If he entered as a stranger, he would be liable to the latter and not to the plaintiff. *Ralph* v. *Bagley*, 11 Vt. 521. And if he is not liable to Parkhurst, it is for the reason, that the entry was by his consent, which is equally decisive of the action, as the plaintiff might as well treat Parkhurst as a trespasser, as to regard the defendant as such.

The opinion of the court was delivered by

WILLIAMS, Ch. J. This is an action of trespass for cutting timber on a lot of land in Roxbury. The plaintiff was in possession of

the *locus in quo*, though not in the actual use and occupation of the place, where the trespass was committed.   This possession undoubtedly gave him a right to recover against any one, but the true owner, or some one acting under him, or by his permission.   The case itself presents but two questions,—First, The effect of the judgment recovered by Parkhurst against the plaintiff, Edwards, and, Second, The effect of the deed from Parkhurst to the Spauldings, under whom the defendant entered and cut the timber in question.

1.   The judgment recovered in the action of ejectment, by Parkhurst against Edwards, was conclusive between the parties, that the title was in Parkhurst, and not in Edwards, who is the plaintiff in this action.   This effect is declared by statute.   Rev. St. 215.   A *recovery in ejectment is conclusive as to the title* between both plaintiff and defendant.   By that judgment it was judicially established and confirmed, that Parkhurst, at the time of the commencement of the suit, in which the judgment was rendered, was, and that Edwards *was not, the owner of the land in question ; and of course* he was a trespasser on Parkhurst.

2.   Unless the defendant can justify the trespass, complained of, under Parkhurst, it will follow, that a mere trespasser can recover of the true owner, or one who acts under him, *although at the same* time he is liable to the true owner therefor.   We are not satisfied, that a conclusion, apparently so inconsistent, can result from our statute, avoiding deeds, where the grantee is not in possession. The statute enacts, that a deed, where any other is in possession, claiming adverse to the grantor, shall be void, and insufficient to pass any title to the grantee.   But it is abundantly established by decisions, that such a deed is good between the parties.   It was so considered in the case of *Livingston* v. *Peru Iron Co.*, 9 Wend. 523, and in *Wade* v. *Lindsey*, 6 Met. 407.

It has always been considered in this State, that although the deed was insufficient to pass a title, so that a recovery could be had in an action of ejectment by the grantee, yet that a recovery in the name of the grantor should enure to the benefit of the grantee. The effect of it must be to enable the grantee to do any such acts, as may be necessary to establish the title of the grantor, but still in the name of the grantor.

The necessary consequence of holding such a deed as good be-

tween the parties must be to give to the grantee a license to do all and any such acts, as the grantor himself might do.   A mere verbal license from Parkhurst to the Spaldings, or to the defendant, to enter upon the land in question, would have afforded a complete justification to them in this action of trespass; and, *a fortiori*, the deed, which, as it respected Parkhurst and the Spaldings, is valid, must have a similar effect.

We think, therefore, that the deed from Parkhurst to the Spaldings was properly received in evidence, and justified the defendant, as against the plaintiff, in this action.

The judgment is therefore affirmed.