## University of Vermont v. Joseph O. Joslyn.

An action of covenant for rent reserved in a lease, brought by the lessor against the assignee of the lessee, although local at common law, is not so in this state,— the common law having, in this respect, been superseded by the statute of this state, which directs where suits shall be brought.

An objection, in an action commenced before a justice of the peace, that the writ was not made returnable in the town in which one of the parties resides, is matter of abatement, which, if not pleaded at the first appearance before the justice, is waived.

A plea, to an action of covenant for rent, brought by the lessor against the assignee of the lessee, which alleges, that, prior to the execution of the lease to the lessee, certain third persons, named, entered into and expelled the plaintiff from the demised premises, and continued their possession to the day of the demise, and on that day held, occupied and kept possession of the same, claiming title thereto adverse to the plaintiff, but not alleging the eviction to have been by virtue of any title to the premises paramount to the plaintiff's right, and not alleging that the defendant, or any of those under whom he claims title, are in any way connected with the disseizor's title, is insufficient. Bennett, J.

The statute of this state, which declares conveyances void by reason of adverse possession, is simply in affirmance of the common law; and the decisions at common law are applicable under it. The conveyance is only *void* as to the person holding adversely at the time of the conveyance, and those who subsequently come in under him; and as to all others it is valid. And even as against the person in adverse possession at the time of the conveyance, the conveyance is so far good between the parties, that a recovery of the premises in the name of the grantor, or lessor, will enure to the benefit of the grantee, or lessee.* Bennett, J.

---

* See *Edwards* v. *Roys*, 18 Vt. 473.

University of Vermont *v.* Joslyn.

And if the plea, in such case, proceed farther, and allege, that the disseizors have continued their adverse possession until the time of pleading, excluding as well the plaintiff as the defendant from the demised premises, it will still be insufficient, without an allegation of paramount title in the disseizors. For, the lessor having executed that, which operates, as between himself and the lessee, as a conveyance of the term, it is not incumbent upon him to put the lessee in possession; but, as against a wrong doer, it is the duty of the lessee to obtain the possession. And it does not alter the case, that he can only do this by suit in the name of the lessor; for the recovery by virtue of the lease, enures to his benefit. BENNETT, J.

In this case the action was covenant for rent, by the lessor against the assignee of the lessee. The plea alleged, that certain third persons, previous to the demise, entered upon the demised premises, claiming title thereto adverse to the lessor, and continued in possession until the time of pleading, thereby excluding the plaintiff, and defendant from the possession. The plaintiff replied in the form of a special traverse, denying, under an *absque hoc*, the fact, that the plaintiff and defendant, or either of them, were excluded from the *entire* possession of the demised premises. And it was held, that the replication was sufficient.

Where a lease was produced, signed by the plaintiff and defendant, but with one seal affixed, it was held to be a question of fact, for the jury to determine, whether it was the seal of the plaintiff, or of the defendant, or whether it was affixed at the time of the execution of the lease and adopted as the common seal of both; and that this might be determined from the lease itself, in the absence of other evidence.

In covenant for rent, against the assignee of the lessee, it is not competent for the defendant to prove, under a plea denying that the lease is the deed of the lessee, that the demised premises, at the time of the demise, and also at the time of the assignment to the defendant, were possessed by persons claiming them adversely to the plaintiff, the lessor; it being conceded, that there was no title to the premises, paramount to the plaintiff's title. Nor is such evidence admissible under a plea, that the estate, title, &c., of the lessee did not pass by assignment to the defendant, as alleged in the declaration.

In such action, if, under a plea traversing the assignment, the plaintiff show an assignment, legal in form, and such as to carry the term with the covenant of the lessee to pay rent, the possession of the premises by the assignee is not material; and though alleged, and traversed by the plea, evidence in reference to it may be rejected; and if the plaintiff have given evidence tending to prove such possession, connected with evidence of a valid, undisputed assignment, it is not error for the court to exclude testimony to rebut such evidence, in reference to the possession.

If the defendant, in such suit, have been excluded from the premises by adverse possession, existing at the time of the demise and afterwards continuing, he must plead such matter specially.

THIS was an action of covenant for the non-payment of rent reserved in a lease of twenty five acres of land, in Johnson, from the plaintiffs to Lemuel Chandler, dated February 27, 1832, and the title to which it was alleged had passed, by several *mesne* assignments, from Chandler, to the defendant; the suit was commenced before a justice of the peace, and came to the county court by appeal.

The plaintiff pleaded, First, That the lease described in the declaration, was not the deed of Chandler;—Secondly, That all the estate, title, &c. of Chandler, in the premises, did not, by assignment thereof duly made, come to and vest in the defendant, as alleged in the declaration;—Thirdly, That previous to the demise from the plaintiffs to Chandler, to wit, on the first day of January, 1832, one William Dodge, with divers other persons, entered upon the premises, and expelled the plaintiffs from the possession thereof, and, on the day of the demise, February 27, 1832, kept possession of the same, claiming title thereto adverse to the plaintiffs, and so continued thereof possessed hitherto, excluding as well the plaintiffs as the defendant from the possession thereof.

To the third plea the plaintiffs replied, " that heretofore, and upon and immediately after the execution of the said demise by the said plaintiffs to the said Lemuel Chandler, and during the term thereby granted, to wit, on the twenty seventh day of February, 1832, the day of the execution thereof, at Johnson aforesaid, the said Lemuel Chandler, by virtue of and under the said demise, entered into and upon the said demised premises, in said demise to him mentioned, and thereby then and there became and was thereof possessed, and continued thereof possessed from thence hitherto, until the same came to and vested in the defendant by assignment, in manner and form as the plaintiffs have in their declaration alleged; whereupon, and by virtue of such assignment, the said defendant, to wit, on the first day of January, 1843, at Johnson aforesaid, entered into and upon the said demised premises, and thereby then and there became and was thereof possessed from thence hitherto;—*without this*, that

the said plaintiffs and defendant, or either of them, were expelled and amoved from the entire premises" in the declaration mentioned, "or excluded from the possession thereof, in manner and form as the defendant, in his said third plea, has alleged," &c.

To this replication the defendant demurred, and assigned as special causes of demurrer,—1, That the replication does not deny the *ouster* of the plaintiffs from the premises, as is alleged in the third plea, except argumentatively, by alleging that Chandler entered upon the demised premises upon the day of demise;—2, That the replication attempts to narrow the defence, by traversing an *ouster* and expulsion of the plaintiffs and defendant, or either of them, from the entire premises in the plea and replication specified;—3, That the replication tenders an immaterial issue, in attempting to put in issue an eviction of the plaintiffs, or defendant, from the entire demised premises, when, under his second and third pleas, the defendant would be entitled to show a partial eviction.

The county court, *pro forma*, adjudged the replication sufficient.

After the suit was entered in the county court, the defendant moved to dismiss the action, for the reason that it was local, and should have been brought in the county of Lamoille, where the land was situated; and also for the reason, that the suit was commenced and tried before a justice of the peace in Burlington,—the defendant being a resident of Johnson, in the county of Lamoille, and the plaintiff not being an inhabitant of this State, nor of the town of Burlington; for which reason it was alleged, that the justice had not jurisdiction of the suit. In the writ the plaintiffs were described as "a corporation, incorporated by the legislature of the state of Vermont," but were not described as located at any particular place. The county court also overruled this motion.

Issues were joined upon the first and second pleas, and a trial was had by jury, September Term, 1847,—BENNETT, J., presiding.

On trial the plaintiffs offered in evidence the lease from the plaintiffs to Chandler, which was signed by them both, but had but one seal. The sealing was averred in these words,—"In witness whereof these presents are interchangeably signed by the treasurer of said corporation and the said Lemuel with the seal of the said corporation and the seal of the said Lemuel hereto affixed this 27th day of February, in the year first above written." To the admission

of this lease the defendant objected, claiming that it was not sealed by Chandler ; but the court admitted the lease, and instructed the jury, that, from the lease itself, in the absence of any testimony concerning it, it was a question of fact for them to determine, whether the seal thereto affixed was the seal of the plaintiffs alone, or the seal of Chandler alone, or whether, at the time of the execution of the lease, the seal was thereto affixed and adopted by the plaintiffs and Chandler as their common seal.

The plaintiffs also gave in evidence an assignment from Chandler to David Wood, dated July 24, 1835, of the lease from the plaintiffs to Chandler ; an assignment of the same from Wood to Barney Griswold, dated December 14, 1836; and an assignment thereof by Griswold to the defendant, dated February 24, 1840. The plaintiffs also introduced evidence tending to prove, that Chandler, after taking his lease of the premises, went into possession thereof, and that the same had been possessed by him and his assignees from the date of the lease until the commencement of this suit, and that the defendant was in possession of the premises during the year in which the rent declared for accrued; and it appeared, that Chandler and his assignees had, from time to time, paid the rent to the plaintiffs reserved in the lease, and that the defendant paid the full rent reserved for the year 1841,—the rent declared for having become due January 1, 1844.

The defendant offered testimony tending to prove, that he had not in fact been in possession of any part of the premises mentioned in the lease, and that the same were held and possessed by persons claiming adversely to the plaintiffs at the time of the demise by the plaintiffs to Chandler, and at the time of the several assignments of the lease above mentioned ;—but it was conceded, that there was no title to said premises paramount to the title of the plaintiffs. To this evidence the plaintiffs objected; and it was excluded by the court.

Verdict for plaintiffs. Exceptions by defendant.

*Shafter* and *Wires* for defendant.

1. The motion to dismiss is founded upon these grounds. 1. The subject matter of the action makes it local, and it should have been brought in Lamoille county, where the land is situated. Stephens'

University of Vermont v. Joslyn.

N. P. 1148. *Stevenson* v. *Lambard*, 2 East 575. *Barker* v. *Damer*, 1 Salk. 80. 1 Saund. R. 241, n. 1 Show. 193. The statute of this state,—Rev. St. 180, sec. 11,—has not changed the law of locality. 2. If the action be transitory, it should have been brought at the defendant's residence, as the plaintiffs are not, and are not alleged to be, inhabitants of Burlington or located there. *Bank of U. S.* v. *Deveaux*, 5 Cranch 61, [2 U. S. Cond. R. 189.] 2 Gall. 105.

2. The replication to the third plea is in form a special traverse, preceded by an inducement setting up new matter. This inducement declares, that the lessee and his assigns, by virtue of the demise, entered and were possessed of the premises; while the plea alleges, that the demise was void. To show that the demise was not void, the traverse denies the *ouster* alleged in the plea, and attempts to confine the defendant to prove an eviction from the entire premises,—when he would have a perfect right to prove a partial eviction, either as an entire or partial defence. *Hare* v. *Cator*, Cowp. 766. *Earl of Portmore* v. *Bunn*, 1 B. & C. 694, [8 E. C. L. 188.] *Moore* v. *Boulcott*, 1 Bing. N. C. 323, [27 E. C. L. 404.] 2 Saund. R. 206.

3. The rejection of the evidence offered by the defendant was erroneous. The evidence, if believed, would have established, that the original demise and each subsequent assignment were void, and, by consequence, as no title *could* come to the defendant, there could have been no privity of estate and no covenant to pay rent; and if, under this offer, the defendant had proved an eviction from a part of the premises, it would have operated *pro tanto* as a defence. *Stevenson* v. *Lambard*, 2 East 575. *Twynam* v. *Pickard*, 2 B. & A. 105. *Pingry* v. *Watkins*, 15 Vt. 479. *Robinson* v. *Douglass*, 2 Aik. 364. The plaintiffs resorted to three methods of proving an assignment to the defendant;—1, By a series of alleged regularly executed deeds of assignment;—2, By proving that the defendant had paid one year's rent of the premises;—3, By proving that the defendant was in possession of the premises during the year in which the rents declared for accrued. Either of these methods is proper and sufficient. The only question, then, is, can the plaintiffs be permitted to show a fact, which would establish the defendant's liability, which fact the defendant is not at liberty to controvert, or deny?

*Platt & Peck* and *A. Peck* for plaintiff.

1. The evidence offered by the defendant, that he had not in fact been in possession of the premises, was inadmissible.   An assignee is liable in covenant for rent, without entry into possession, not only by reason of privity of estate, but by reason of privity of contract. For the same reason the evidence of possession by third persons was inadmissible ; as nothing short of an expulsion by the lessor, or by a stranger by virtue of title paramount to the title of the lessor, will constitute a defence.   *Williams* v. *Bosanquet*, 1 B. & B. 238, [5 E. C. L. 72.]   *Wotton* v. *Hele*, 3 Saund. R. 175, n. 10.   This evidence was not admissible for the purpose of avoiding the lease and assignment ; 1, It is not put in issue by the pleadings ; 2, In order to avoid a deed, the possession must be adverse to both parties thereto, and the offer was to show possession adverse to the *plaintiffs* only ;—3, An assignment of a lease is not within the statute ;—4, As the defendant has attorned to the plaintiff by payment of rent, he is estopped to set up such extrinsic matter to avoid the assignment to him.

2. The demurrer was properly overruled.   There is no sufficient allegation in the third plea, to avoid the lease by adverse possession. The possession by Dodge and others, to avoid the lease, must have been adverse, not only to the grantor, but to the grantee.   It is alleged to be adverse to the plaintiffs, but not to Chandler, nor to the defendant ; hence it is open to the inference, that Dodge and others were in under Chandler, in which case the lease would be valid. The plea is bad for not alleging, that Dodge and others entered by virtue of a title paramount to that of the lessors.   No covenant for quiet enjoyment is averred ; and even such averment extends only to an eviction by the plaintiff and an eviction by a stranger by paramount title.   *Wotton* v. *Hele*, 3 Saund. R. 175, n. 10.   *Gardner* v. *Kettletas*, 3 Hill 330.   If the lease is void for adverse possession, the covenants are good ; and it is no defence, that the defendant has not been in possession, whether he be lessee or assignee.   It is his duty to enter, or to recover possession, either in his own name, or in the name of the lessor.   *Williams* v. *Bosanquet*, 5 E. C. L. 72.   3 Hill 330.

3. If the plea be good, the replication is a good answer.   It is a direct traverse of the whole plea.   Whether the traverse is warranted

by the inducement is a question which can only arise on special demurrer, and is not raised in this case. The objection, that the replication is argumentative, is not well taken; every special traverse is argumentative; it alleges affirmative matter inconsistent with the adverse pleading and then concludes with a traverse. The other objections are to the point,—that the traverse denies an eviction from the *entire* premises.. This the plaintiffs had a right to do; —1, Because the plea alleges an eviction from the entire premises and must be good for all it professes to answer, or held bad *in toto;* —2, In order to render an eviction a defence to the whole action, even when it is by paramount title, it must be an eviction from the entire premises; a partial eviction must be pleaded to a part only, as the rent is apportionable. *Stevenson* v. *Lambard,* 2 East 575.

The opinion of the court was delivered by

BENNETT, J. This case came to the county court upon an appeal from a justice's court; and in the county court the defendant, for the first time, filed his motion to dismiss the cause; which was overruled in that court, and we think rightly. It is claimed, that this action is *local* and should have been brought in the county in which the lands are situate. It is doubtless true, that, at common law, actions of covenant to recover rent, founded upon privity of estate, as in this case, where the action is against the assignee of the lessee, are local. But the common law, in this respect, has been superseded by our statute, regulating the places in which actions shall be brought; and none are *local,* unless made so by statute. This is not; and consequently it must fall under the general statute, which requires an action before a justice of the peace to be brought in the town, where one of the parties reside.

It is farther objected, that, if the action is not *local,* it should have been brought in the town in which the defendant resides, and not in Burlington. But if we suppose this objection sound, it was only proper matter in abatement; and not being pleaded before the justice, it was *waived.* It in no way affects the jurisdiction of the court, or the regularity of the judgment. But suppose it had been so pleaded, and the plaintiff had replied, that, although the corporation did not reside at Burlington, yet that this was their place of business and the residence of the principal corporators; would not

this have been a sufficient answer to the plea? Though we do not find it necessary to decide such a question, it not being raised on the pleadings; yet I should be inclined to the opinion, that such a replication would be held sufficient.

The next question relates to the defendant's third plea, and the replication to it. I am well satisfied, for myself, that the plea is bad. The pleader alleges, that, prior to the execution of the lease to Chandler, one William Dodge and others entered into and expelled the plaintiffs from the demised premises, and continued their possession down to the day of the demise, claiming title thereto *adverse to the plaintiffs.* The plea does not allege the eviction to be in virtue of any right or title to the premises *paramount* to the title of the plaintiffs; neither does it in any way attempt to connect the defendant, or any of those under whom he claims title, with the disseizors' claim of title. It must be taken, then, that Dodge and the others evicted the plaintiffs in their own wrong, and that their possession was wrongfully continued.

The question then arises, can the assignee of Chandler insist upon the facts set up in the plea, as a bar to the action? From the fact, that our statute makes all conveyances of lands, whether by deed or lease, void, if held and possessed at the time adversely to the grantor, or lessor, it may be claimed, that it follows, that the title to the premises demised remained in the plaintiffs absolutely, notwithstanding the lease to Chandler, and that they might assert their right, precisely the same as if no lease had been given. If this were so, the plea might be good. The rent is payable as an equivalent for the right or interest enjoyed; and if no right passed from the plaintiffs to Chandler, and from him to the defendant, the payment of the rent should not be enforced. But we think, that, as between the lessors and the lessee, and persons who stand in *legal privity* with them, the lease is operative to pass the term.

It is a familiar principle of the common law, that a conveyance of lands, where there is at the time a disseizor in actual possession claiming title *adverse, is inoperative and void.* In 1807 our legislature passed a statute, declaring that such conveyance should be *null* and *void*, and of no effect in law to convey the lands described. The reason why this statute was passed doubtless was, that some supposed, though probably without much foundation, that our stat-

ute, which enacts that all conveyances of lands, signed and sealed by the party granting the same, *having good and lawful authority thereunto*, and witnessed and acknowledged and recorded, should be valid to pass the same, without any other act or ceremony, operated to abrogate this principle of the common law. It was not the intention to adopt any new principle, but to re-affirm a well known principle of the common law. Our Revised Statutes, enacted in 1839, declare such conveyance to be *absolutely void* and of no effect to convey such lands; yet I do not apprehend it was the object of the legislature, by the introduction of the word, "absolutely" into the Revised Statutes, to change the operation of the common law principle, or the law as declared in the statute of 1807.

The decisions, then, which have been had at the common law, are applicable under our statute; which I regard only in affirmance of the common law. If the owner have parted with his title, and the grantee cannot assert it, on account of the *adverse* possession at the time of the execution of the conveyance, it may be claimed to follow, as a consequence, that the title is extinguished; but this does not follow. The conveyance is only *void* as to the person holding adversely at the time of the conveyance, and those who subsequently come in under him; and as to all others the conveyance is valid and passes the title or interest from the grantor or lessor to the grantee or lessee. If the possession is abandoned by the person, who claimed to hold adverse, no doubt the grantee, or lessee, may enter into possession; and the grantor, or lessor, could not turn him out, in the face of his own deed. If the possession is left vacant, and a stranger enter and possess the premises, the grantee, or lessee, should be allowed to *oust* him in an action of ejectment. He is not within the reason of the rule, which makes void a conveyance, or lease, on account of an adverse possession. His entry is tortious, and he should not be allowed to use a shield, which was made for another, when there is no *legal privity* between them. The rule was established, it is said, "to protect the weak against the strong, and prevent justice from being trodden down" by promoting the sale and transfer of disputed titles. The person holding the *adverse* possession at the time of the deed is the only one in danger of being injured by a violation of the rule; and consequently he and his *privies* are the only persons who should fall within its protection.

University of Vermont *v.* Joslyn.

These views, I think, are well sustained by authority, as well as by the reason of the case. See Co. Lit. 369 *a.* Cro. Eliz. 445. Hawk. b. 1, c. 86, sec. 3. *Jackson* v. *Demont,* 9 Johns. 60. *Livingston* v. *Peru Iron Co.,* 9 Wend. 516. *Van Hoesen* v. *Benham,* 15 Wend. 164. *Livingston* v. *Proseus,* 2 Hill 528. The lease, or deed, is absolutely void against the person holding adversely ; and as against him the title is still in the grantor, or lessor, but in trust for the use of the grantee, or lessee ; and the suit must be in his name ; and when a recovery is had, it will enure to the benefit of the grantee, or lessee. If the deed were absolutely void as between the parties, it would be difficult to see, how a recovery in the name of the grantor should enure to the use of the grantee. He could have no right for a court of equity to enforce. We think, then, this plea cannot be sustained upon the ground that the lease to Chandler was, as to him and his assignees, inoperative and void.

It may be urged, that, though the plea is not sustained upon that ground, yet it should be held good upon the ground, that the adverse possession in Dodge and the others is alleged as continuing from the day of the demise to Chandler hitherto, thereby excluding as well the said plaintiffs as this defendant from the possession of the demised premises. I think, as a member of the court, the plea cannot be sustained on that ground. It is doubtless true, that when the lessee, or his assignee, has been evicted, by a title *paramount* to the title of the lessor, from the entire premises, such eviction is a good bar to a recovery for rent claimed to have accrued subsequent to such eviction. But the eviction, when by a stranger, must be by means of a title *paramount* to that of the lessor ; and it is said it must also be by due process of law. 1 Saund. R. 205, n. *Lansing* v. *Van Alstyne,* 2 Wend. 563, n. But I incline to think, if the plea had alleged, that Dodge and the others, named in it, were in possession *adverse* to the plaintiffs, and by *a paramount title,* at the time of the demise, and continued such possession, excluding the lessee and his assignee from possession, it would have been good. This, it appears to me, would have been equivalent to an *eviction.* See *Ludwell* v. *Newman,* 6 T. R. 458. Neither the lessee, nor his assignee, should be required to enter and commit a trespass ; and when sued for rent, he might well say, that the lease conveyed to him no right to enjoy the premises. If the lease gives the lessee a

right to enter and possess the premises, it is, I think, his business to get into possession; and it is not incumbent upon the lessor to put him in. The lessee has as perfect and effectual a remedy to dispossess the wrong doer, after the execution of the lease, as the lessor had before that time.

But it may be said, that, in this case, the lessee could only dispossess the wrong doers by a suit in the name of the plaintiffs. This, I am inclined to think, should not alter the case. The lessee, as between the lessors and himself, is vested with the right to the term, created by the lease, which the lessee can enforce against him; and, as against the wrong doers, the lessee and his *privies* in law may, and indeed must, bring their ejectment to get into possession in the name of the lessors. This they have the right to do, and I think chancery would compel the lessors to permit this to be done, if they should refuse, upon being indemnified against costs. It would be upon the ground, that the lessors, so far as the term is concerned, held the legal title as against the wrong doers in trust for the lessee, and his assignees; and having this right, I think the lessee, or his assignee, after the assignment, should use it, if necessary, to get the possession; and that they cannot lay by and call upon the lessors to expel the intruders.

There may, however, be some difference of opinion in the different members of the court in regard to this point; and we do not find it essential to pass upon the plea, as we are all well agreed, that the plaintiffs' replication is sufficient. That is in the form of a special traverse, denying, under an *absque hoc,* the fact, that the plaintiffs and defendants, or either of them, were expelled or excluded from, the *entire* possession of the demised premises. The law is now well settled, that, in case of an eviction from a portion of the demised premises by a paramount title, the rent may be apportioned; and if the wrong doers exclude the parties only from a possession of a part of the premises demised, the same reason exists for an *apportionment* of rent, as in case of a partial eviction. *Stevenson* v. *Lambard,* 2 East 575. *Lansing* v. *Van Alstyne,* 2 Wend. 561. If there had been a partial eviction by the *lessors,* the rule might have been otherwise. The plea purports to be an answer to the entire cause of action, and the matter is so pleaded in form; and if not an answer

to the whole, it would for that cause, if for none other, be bad. We all think the replication to this plea must be adjudged sufficient.

We come now to the question, was there error committed on the trial of the issue of fact by the jury in the court below ? It was objected, that the court ought not to have permitted the lease to Chandler to have gone to the jury, under the plea, that it was not his deed, accompanied with the instructions which the court gave them. We see nothing in these objections; and, indeed, they have not been insisted on in argument in this court. See *Cheney v. Gates*, 12 Vt. 565.

It is however insisted, that the court below should not have excluded the defendant's evidence in relation to the adverse possession, at the times when the lease to Chandler and the assignments were executed, and in regard to the defendant's not having been in possession. It cannot be claimed, that this was proper evidence under the plea of *non est factum*. If the adverse possession had rendered the lease and the assignments *void*, as between the parties, still it must have been avoided by a plea of the special matter ; and it could not be given in evidence under the plea of *non est factum*. *Whelpdale's Case*, 5 Co. 119. The plea, however, is simply, that it was not the deed of Chandler; and upon the authorities, and for the reasons that have before been given, we think the adverse possession could not render the lease void between the parties and their legal *privies*. And as the case shows, that the lessors had the legal title, it must follow, if the lease and the assignments are valid to pass the title, as between the parties and their *privies*, notwithstanding the adverse possession, such evidence was not admissible under the plea denying the assignment.

The plaintiffs might, if they had seen fit, have relied upon the fact, that the defendant had been in possession, as evidence from which they might have asked the jury to infer an assignment; and if this had been so, the defendant should have been allowed to controvert the possession. But the lease and the written assignments were in evidence ; and no objection to the regularity, or validity, of the assignments, in form, was made ; and besides, the bill of exceptions assumes the passing of the premises, at least, in legal form, by the assignments, from the lessee to the defendant. There is nothing in the case to show, that the validity of the assignments was ques-

tioned, as to their legal form, and nothing to show, that the plain-tiffs sought to recover by reason of any other assignment; and if the assignment had been defective in form, the possession by the defend-ant, or his want of possession, could have had no effect upon them in a court of law. It must, then, be taken as a fact, about which there was no dispute at the trial, that the premises had passed to the defendant, unless the effect of the lease and the assignments should be impeached by *matter extrinsic*. The evidence as to the posses-sion of the defendant, no doubt, was given by the plaintiffs with reference to that part of the issue joined between the parties. It is always sufficient to prove the substance of the issue; and if the plaintiffs had shown such an assignment, as to carry to the assignee the term with the covenant of the lessee to pay rent, the possession of the assignee was not material. It was not necessary to allege in the declaration an entry and possession by the assignee; and though alleged, and traversed by the plea, it may be rejected, it being im-material. 2 Chit. Pl. 194, n. 1 Greenl. Ev., sec. 61, n.

If the title and possessory right passed, the assignee became pos-sessed in law of the term, and an actual possession is not material. *Williams* v. *Bosanquet*, 1 B. & B. 238. *Pingry* v. *Watkins*, 15 Vt. 488. The case of *Eaton* v. *Jaques*, Dougl. 455, which ad-vanced a different doctrine, has long since ceased to be law. It follows, then, if the plaintiffs gave immaterial testimony, it was not error for the court to exclude testimony to rebut it. The extent of the defendant's offer was, to prove, that he had not, *in point of fact*, been in possession of any part of the premises demised to Chandler, and that there was a possession adverse to the plaintiffs, though not an adverse title, at the time they executed the lease, and at the time of the several assignments. The defendant must be confined strictly to his offer, and cannot extend it; and by this it does not appear, that he was prevented from taking possession of the premises by reason of the continuation of an adverse possession, which existed against the plaintiffs, at the times specified in the offer, or that there ever was a possession adverse to the defendant. Besides, if the de-fendant had been kept out of the possession of the premises by rea-son of a continuation of the adverse possession, after the estate was assigned to him, and this would have constituted a sufficient de-fence, it must have been specially pleaded, upon the same principle,

9

that requires an *eviction* to be pleaded.  It could not arise under the present issue, so long as both the lease to Chandler and the assignment are held valid and operative to pass the term, as between the parties and their legal privies,—the adverse possession notwithstanding.

We think, then, without inquiring what should be the effect of the payment of rent by the defendant to the plaintiffs after the assignment, there was no error in the proceedings of the county court on the jury trial.  The result is, the judgment of the county court is affirmed.