Harvey v. Doe ex dem. Carlisle et al.

———

HARVEY *vs.* Doe ex dem. CARLISLE et al.

1. A deed of lands held adversely to the grantor is good as between the parties on the principle of estoppel, which can only operate on the parties and their privies; but the grantor may nevertheless maintain ejectment against the adverse holder.

2. The deed of husband and wife, acknowledged by them before a justice of the peace, is a full compliance with the law, so far as the husband is concerned, and may be admitted to record, without any proof of execution by a subscribing witness.

ERROR to the Circuit Court of Russell.

Tried before the Hon. JOHN GILL SHORTER.

EJECTMENT, the declaration laying separate demises from Matilda Harvey and Robert Carlisle. On the trial below, the plaintiff offered in evidence a deed to the premises sued for, made by Wiley Harvey and wife to Matilda Harvey, on the 7th January, 1847, witnessed by two subscribing witnesses, and acknowledged as follows:

"THE STATE OF ALABAMA, ) I, John B. Tate, an acting Russell County. ) justice of the peace for said county, do hereby certify that the above mentioned Wiley Harvey, and Nancy Harvey, his wife, personally appeared before me, and acknowledged that they signed, sealed and delivered the foregoing deed, to the above mentioned Matilda Harvey, on the day and year therein written. Given under my hand and seal this 11th day of January, 1847.

(Signed) JOHN B. TATE, (J. P.)"

On which deed was the following endorsement:

"THE STATE OF ALABAMA, ) Received for record 7th of Russell County. ) January, 1850, and recorded in the Clerk's Office of the County Court of said county, in Book G, folio 494 and 495, this 15th April, 1850.

SIMEON NEAL, Clerk."

This deed the defendant moved the court to exclude, and the motion was overruled. The plaintiff then offered another deed to the premises sued for, made to Robert Carlisle, executed by the said Matilda Harvey on the 6th March, 1850, with a subscribing witness thereto, with an acknowledgment endorsed thereon purporting to have been made on the 6th of March, 1852, before the clerk of the Circuit Court of Montgomery County; which deed the defendant also moved to exclude, and the motion was overruled. The defendant admitted the lease, entry and ouster, and the plaintiff proved the possession and the value of the mesne profits.

The defendant proved that he had been in possession of the premises for ten years before the commencement of the suit, and that in the year 1847 Matilda Harvey, to whom the original deed was made by the defendant and wife, and who made the deed to Carlisle, executed on the 17th November, 1847, her

bond for titles to the premises, and that defendant at the execution of said bond paid her a valuable consideration; that Carlisle had notice thereof in 1849, about three years before the execution of the deed by Matilda Harvey to him. There was no evidence that Carlisle paid to Matilda Harvey any consideration for the deed executed by her.

This being all the evidence, the court charged, that, if the jury believed the testimony, they must find for the plaintiff. The rulings of the court upon the evidence, and the charge given, are here assigned for error.

S. F. RICE, for plaintiff in error:

1. As the evidence tended to show that the possession of Wiley Harvey was adverse, at the execution of the deed to Carlisle, that deed could not authorize Carlisle to recover from the said Harvey, but was void as to him.—Pryor et al. v. Butler, 9 Ala. 418; Hinton v. Nelms, 13 Ala. And therefore there could be no recovery on the demise from Carlisle.

2. But although said deed to Carlisle was void as to Wiley Harvey, it is good as against the parties to it.—Den v. Geiger, 4 Halstead's R. 225, 235, and the authorities there cited on page 235. Therefore, there could be no recovery on the demise from Matilda Harvey. There can be no doubt but that said deed is good as between the parties to it. Suppose the grantor, in fact, had no title to the land thereby conveyed, and should be sued for breach of the covenants and warranty therein contained, by Carlisle, the grantee. In such suit, if he proved want of title in her, and that he never had and could not get the possession, he certainly could recover damages from her.— This proves the deed valid as between the parties to it. The case of Williams v. Hogan, Meigs' R. 187, (cited by Judge Collier in Abercrombie v. Baldwin, 15 Ala.,) is founded entirely on a statute of Tennessee, but the case cited above from 4 Halstead is founded on the common law.

3. The deed being valid as between the parties to it, prevents a recovery on the demise from Matilda Harvey, the grantor; for it estops both grantor and grantee from saying that the title is in her.—4 Halstead's R. 235, supra.

4. This suit is really the suit of Carlisle. He is attempting by it to gain the mastery over the law, and to annul in this case

the sound rule of policy which protects possessors against litigious men, by declaring all such deeds as he received from Matilda Harvey void as to all such possessors as Wiley Harvey. Carlisle cannot be permitted to accomplish in this suit indirectly what he cannot do directly. Hinton v. Nelms, 13 Ala. Rep., shows the reasons for the rule as to adverse possession.

5. The charge of the court is erroneous.

6. Each deed read in evidence by defendant in error, was improperly admitted—there being no proof of their execution by a subscribing witness, and no excuse shown for such omission of proof.

GEO. D. HOOPER, *contra.*

GOLDTHWAITE, J.—The main question in this case arises on the deed from Matilda Harvey to Carlisle. It is conceded by the plaintiff in error, that it is void as to Wiley Harvey, by reason of his being in adverse possession of the land described in it, at the time of its execution, and this would defeat a recovery on the demise from Carlisle. If this deed is void as to the party holding adversely, it would seem to follow that the plaintiff below would have been entitled to a recovery on the deed from Wiley Harvey to Matilda Harvey, under the demise in the declaration from her. To meet this view the counsel for the plaintiff in error insists, that the deed to Carlisle, although void as to the adverse holder, is good as between the parties, and has therefore operated to convey the title out of Matilda Harvey, and for that reason a recovery cannot be had on the demise from her. This position cannot be sustained.— A deed of lands held adversely to the grantor, it is true, is good as between the parties; but this is upon the principle of estoppel, (4 Kent's Com. 448,) which can only operate upon the parties and their privies. It does not apply to the adverse holder, and as to him it is well settled that the grantor may maintain ejectment.—Williams v. Jackson, 5 Johns. 489; Livingston v. Provers, 2 Hill (N. Y.) R. 489 ; Wolcott v. Knight, 6 Mass. 418; Brinly v. Whiting, 5 Pick. 348 ; Edwards v. Rogs, 18 Verm. 473 ; University of Vermont v. Joslin, 21 Verm. 52 ; 4 Kent's Com. 448. The decision of this question is conclusive upon the right of the plaintiff to recover on the demise from Matilda Harvey.

The deed from Wiley Harvey and wife was properly admitted in evidence. It was, so far as the husband was concerned, in full compliance with the law.—Clay's Dig. 152 § 7; *ib.* 157 § 39; *ib.* 151 § 1. As to the other deed, it is unnecessary to consider the question raised, as it may be excluded, and still the plaintiff would be entitled to recover.

There is no error in the record, and the judgment is affirmed.