WARNER CHENEY, IRA CHENEY, STEPHEN WHITE & MATIL-
DA, HIS WIFE, ALBERT A. CHENEY AND LAURA A. CHE-
NEY *v.* DANIEL CHENEY, JOHN STOCKWELL, AND REUBEN
LAMPSON.

*Ejectment.　Several plaintiffs counting on joint title, must show
title at the time of trial.　Evidence.*

In ejectment, if several plaintiffs count upon a joint title and right of possession,
they must each and all show, that such legal title and right of possession exists
at the time of trial, as well as at the commencement of the suit, or they cannot
sustain the action.

Evidence may be introduced under the general issue, in ejectment, where there
are several plaintiffs, disproving their joint title and right of possession; for, it
is the denial of a fact which the plaintiffs must in the first instance show in sup-
port of their action.

EJECTMENT for lots No. 8, 3d division, right of Oliver Robin-
son, and lot No. 3, 4th division, right of Joel Grant, in Lunen-
burg.

Plea, the general issue, and trial by jury.

On the trial, the plaintiffs, to support the issue on their part,
read in evidence:  1. A deed from Phinehas Dodge to Daniel
Cheney, dated January 4, 1796, of sixty acres of the easterly
part of lot No. 8, 3d division in Lunenburg, the same being de-
scribed by metes and bounds.

2. A deed from Z. Eager to Daniel Cheney, dated February 6,
1796, of fifty acres, being one half of the 4th division lot of the
right of Joel Grant, in Lunenburg.

3. A copy of the probate records, of the appointment of a
committee, consisting of Walter Bloss, William Heywood, and
Robert W. McCoy, by the probate court for the district of Es-
sex, to set off the widow's dower, and make a division of the es-
tate of Daniel Cheney, among the heirs of said estate ; and also
the report of said committee setting out dower of the widow, Re-
becca Cheney, in said estate, and a division of the residue of said
estate, among the heirs thereto.

It was admitted by the defendants, that the persons named as
heirs in said return, were the proper legal heirs to the said estate
of the said Daniel Cheney.  And also that the reversion of the

widow's dower had not been divided among the heirs to said estate.

It was also admitted by the defendants that the plaintiffs are the legal heirs of Thomas Cheney, who was a son, and one of the heirs of the said Daniel Cheney.

The plaintiffs also read in evidence, a deed from Laura A. Cheney and Albert A. Cheney, (two of the plaintiffs,) to Warner Cheney, (one of the plaintiffs,) dated May 14, 1849, of all their interest in lots No. 3, 4th division, and No. 8, 3d division, and especially in that part set to Rebecca Cheney.

Also a deed from said Warner Cheney, to Mary Nasmith, dated August 18, 1849, of the same premises.

The plaintiffs also proved, that said Rebecca Cheney went into the occupancy of the land set out to her for dower, by said committee, and continued to occupy the same with one of her sons, until her death in 1840 or 1841 ; and that the defendants, Stockwell and Cheney had been in the occupancy of distinct and several portions of the land, set out as dower, as aforesaid, since the spring of 1845, each claiming the portion occupied by himself, in his own right, under deeds from the widow Gates. It appeared, that defendant, Lampson, at the time the suit was brought, (March 26, 1851,) was living in a house upon that part of the lot, occupied by the defendant, Stockwell.

The defendants insisted, that as they occupied distinct portions of the land sued for, under separate deeds, the plaintiffs could not maintain a joint action against them, but the court overruled the objection. To this decision of the court the defendants excepted.

The defendants then read in evidence the following deeds :

1. A deed from Warner Cheney, (one of the plaintiffs,) to the defendants, Cheney and Stockwell, dated June 9, 1851, of the said widow's dower as occupied by them respectively.

2. A deed from Stephen White and Matilda White, wife of said Stephen, to defendants, Cheney and Stockwell, dated June 9, 1851, of their right in the dower of Rebecca Cheney.

3. A deed from Franklin Boody and Laura A. Boody, his wife, to the defendants, Cheney and Stockwell, dated May 13, 1852, of their right in said Rebecca Cheney's dower.

The defendants also proved that since the commencement of the plaintiffs' suit, and before the date of said last mentioned deed,

the said Laura A. Cheney, (one of the plaintiffs,) intermarried with said Franklin Boody.

The County Court, May Term, 1853,—POLAND J., presiding,—upon the above evidence instructed the jury, that the plaintiffs could not recover in this action. The jury returned a verdict for the defendants.

Exceptions by plaintiffs.

*Geo. C. Cahoon* for plaintiffs.

Can the suit rightfully brought by the plaintiffs, be defeated by the defendants in this manner, by connivance with a part of the plaintiffs, and with those who had previously conveyed to the prejudice of *bona fide* purchasers, who brought the suit in their names, and of the other owners concurring, to obtain possession and perfect their rights? It appears to us not, and we are corroborated in this opinion, by the following authorities. *Nason* v. *Blaisdell,* 17 Vt. 216. *Edwards* v. *Roys,* 18 Vt. 473. *U. V. M.* v. *Joslyn,* 21 Vt. 52. *Edwards* v. *Parkhurst,* 472.

*Wm. Heywood, Jr.* for defendants.

Cited *Beach* v. *Beach,* 20 Vt. 83. *Edgerton* v. *Clark et al.,* 20 Vt. 264.

The opinion of the court was delivered by

ISHAM, J. The judgment of the county court in this case must be affirmed. In order to sustain this action of ejectment, the plaintiffs must show a legal title, and the right of an immediate possession to the premises described in the declaration, not only at the commencement of the suit, but also at the time of trial and judgment. *Benton* v. *Austin,* 4 Vt. 105. *Tryon* v. *Tryon,* 16 Vt. 313. *McDaniel* v. *Reed,* 17 Vt. 674. If several plaintiffs count upon a joint title and right of possession, the same principle applies. The legal title and right of possession must exist in each and all of the plaintiffs, at the time of recovery, or they cannot sustain the action. For this reason, evidence may be introduced under the general issue, disproving that title; for it is the denial of a fact which the plaintiff must prove, in the first instance, in support of his action. *Jackson* v. *Dumont,* 9 Johns. 55.

The case under consideration falls within this general principle.

It is stated in the exceptions, that on the 9th of June, 1851, Warner Cheney, one of the plaintiffs, conveyed his interest in the land to the defendants, Cheney and Stockwell, and that afterwards Stephen White and his wife Matilda, as ' also Franklin Boody and his wife, after the commencement of this action, conveyed all their right and interest in this land, to the same defendants. Those persons, therefore, had no title or right of possession to the premises, at the time of the trial of the case. They could neither sustain an action themselves for the recovery of the land, nor join with others who may have had a title.

This objection is not avoided by the consideration, that the deeds were executed while the defendants were in adverse possession of the premises. That result would follow if the conveyances had been made to third persons, not in possession. At common law, and under our statute, deeds executed under such circumstances are void and convey no legal title as against the party in adverse possession, though as between the parties, the deeds may be good, and will convey an equitable interest. *Edwards* v. *Roys*, 18 Vt. 473. *University of Vt.* v. *Joslyn*, 21 Vt. 52. *Edwards* v. *Parkhurst*, 21 Vt. 472. But at common law, and under our statute, such conveyances are good and effectual to convey the legal title and right of possession, when made to those in actual possession, though that possession may be adverse. This doctrine was directly decided in the case of *Jackson* v. *Dumont*, 9 Johns. 55.

By those conveyances, therefore, the defendants, Cheney and Stockwell, have that interest and title to these premises, which their grantors had; and they hold the same in common with those plaintiffs who have not conveyed, and who still retain their right and title to the land. Those plaintiffs, therefore, who have in that manner conveyed their right and interest in the premises to the defendants, cannot be parties to a suit or judgment for the recovery of the land, and its possession, from those to whom they have conveyed.

This case is not affected by the act of 1851, p. 5, in which it is provided that " whenever the title of the plaintiff in an action of " ejectment shall expire or be transferred, after the commence- " ment of such action, the suit shall not thereby fail, but the plain- " tiff may recover judgment for his damages, for the detention of " the premises during the continuance of his title, with costs." If

this statute was made to apply to a case of this character, the rule of damages, in many cases, would be different with some of the plaintiffs, from what it would be with others.   The statute, according to its letter and spirit, extends only to cases, where the *entire interest and right of all the plaintiffs* has been transferred.   If all these plaintiffs had joined in that conveyance, the statute probably would have had effect.   But it was never designed to permit those who had no title, at the time of the trial, to join in the prosecution of a suit with those, whose title may not be controverted.

The judgment of the County Court must be affirmed.