ALBANY,
Jan. 1836.

Van Hoesen
v.
Benham.

---

### VAN HOESEN *vs*. BENHAM.

The *grantor* of the plaintiff, in an action of ejectment, is a competent witness for the plaintiff when duly released, although the deed executed by him may be *void* under the statute to prevent champerty and maintenance as to *third persons*.

THIS was an action of *ejectment*. On the trial of the cause the circuit judge refused to receive in evidence a deposition taken to perpetuate testimony, on the ground of the incompetency of the witness. A verdict was found for the defendant, and on the motion of the plaintiff a new trial was ordered by this court, for the error of the judge in rejecting the testimony. The opinion discloses the grounds upon which the new trial was ordered.

*A. L. Jordan*, for the plaintiff.

*K. Miller*, for the defendant.

*By the Court*, BRONSON, J. The plaintiff, as a part of his claim of title, gave in evidence a deed to himself with covenants of warranty, from Jacob Yan Van Hoesen, dated 7th June, 1816. The deposition of Van Hoesen, the grantor, as a witness for the plaintiff, had been taken pursuant to the Revised Statutes, 2 *R. S.* 391, *art.* 1, the plaintiff having first released the witness from all the covenants in the deed. On the trial, it being admitted that the witness was dead, the plaintiff offered to read the deposition in evidence, for the purpose of rebutting the defence of adverse possession. The circuit judge decided that, at the time Jacob Yan Van Hoesen, the witness, deeded to the plaintiff in 1816, the lands in dispute were held adversely—that the deed was, therefore, inoperative, and the title remained in the grantor, and on that ground rejected the evidence. To this decision, the

counsel for the plaintiff excepted ; and he insists, first, that there was in fact no adverse possession ; and, second, that the witness was competent, although the lands were held adversely at the time of the deed.

It will be unnecessary to examine the evidence detailed in the bill of exceptions, for the purpose of determining whether the lands were held adversely to the grantor, at the date of his deed or not. Assuming that the circuit judge decided correctly on this point, I am of opinion that the witness was competent, and that his deposition ought not to have been rejected. There can be no doubt that the deed was inoperative, as against the person holding adversely, and all claiming under him ; but it does not follow that the conveyance was void as between the grantor and the grantee. This question was be fore the court in the case of *Jackson ex dem. Lathrop* v *Demont,* 9 *Johns.* 55, where it was held that a deed of land held adversely at the time, was effectual between the parties to the conveyance. *Kent,* C. J. says, the deed operates to estop the grantor, and it seems to be a principle which runs through the books, that a feoffment upon maintenance or champerty is good as between the feoffor and feoffee, and is only void against him who hath right. The same principle was recognized by the chief justice in delivering the opinion of the court in the case of *Livingston* v. *The Peru Iron Company,* 9 *Wend.* 516. If the deed operated to divest the title of the grantor, he had no legal interest in the event of the suit, and his deposition, which contained material evidence for the plaintiff, ought to have been received. The decision of this point renders it unnecessary to examine the other questions discussed on the argument. There must be a new trial ; costs to abide the event of the suit.