NATHANIEL JORDAN *versus* SAMUEL J. SYMONDS *& al.*

The lessor of the plaintiff, in an action of trespass *quare clausum*, wherein soil and freehold in the premises are pleaded by the defendant in himself, on being released from all claims under the covenants of the lease, is a competent witness for the plaintiff to disprove the title set up by the defendant.

. TRESPASS *quare clausum* for breaking and entering the close of the plaintiff in Raymond, and taking hay therefrom. The defendants pleaded soil and freehold in Orsimus Symonds, one of the defendants.

S. J. Symonds was once the owner of the premises, as admitted by each party, and on March 15, 1830, mortgaged the same to the school fund in Raymond. On May 5, 1834, S. J. Symonds conveyed his right to redeem to James Jordan, who conveyed the same to Orsimus Symonds, then a minor, on Nov. 15, 1839.

The right of Samuel J. Symonds to redeem the premises was sold on execution by one of his creditors on Dec. 19, 1840, and purchased by the plaintiff. On Dec. 28, 1841, the plaintiff conveyed the premises, with other lands, to Ephraim Brown by deed of warranty. On April 19, 1842, Brown leased the premises to the plaintiff, for the term of one year, and the alleged trespass was committed during the summer of that year.

At the trial the plaintiff contended that the conveyances from S. J. Symonds to J. Jordan, and from J. Jordan to O. Symonds were fraudulent and void as to creditors, and to prove his case called Brown as a witness. He was objected to as interested, and the plaintiff released him from all claims under the covenants of the lease. The objection was renewed by the counsel for the defendants, but was overruled by SHEPLEY J. presiding at the trial, and Brown testified.

The verdict was for the plaintiffs, and the defendants excepted to the admission of Brown.

*Fessenden, Deblois & Fessenden,* for the defendants, said that the question in issue was, whether the land in dispute was

the soil and freehold of O. Symonds or of Brown, and that in it Brown was directly interested. He cannot be disinterested, when every word he testifies confirms him in his title. Where the judgment is to confirm the witness in the enjoyment of an interest, or to place him in the immediate possession of a right, he is not a competent witness. 1 Greenl. Ev. § 392; 9 B. & Cres. 549; 4 Esp. R. 164.

A tenant in possession is not a good witness to support his landlord's title, because it is to uphold his own possession. For a similar reason, a landlord should not testify, for it is to uphold his title. 2 Cowen, 621; 1 Strange, 632.

*J. C. Woodman*, for the plaintiff.

The opinion of the Court was by

WHITMAN C. J. — The exception is to the admission of a witness. The action being trespass *qua. clau.* and soil and freehold being pleaded, and issue joined thereon, the grantor of the plaintiff, who was his lessee, was offered as a witness to disprove the defence set up; and the plaintiff, the case finds, having released to him his covenants contained in his lease, the Court admitted him to testify. It is argued, that he thus came to support his own title, and therefore was an interested witness. It may be admitted that he had a strong temptation to pervert the truth; but this is always the case with witnesses, who come to support a title depending upon facts precisely like those on which they must rely for the support of their own. Yet they are not considered as within the rule excluding witnesses on account of interest. The witness, after he had been released, had no interest in the event of this particular suit. He was merely interested in the question of title, as it might arise on some other occasion. To exclude a witness he must have a present, certain and vested interest; and this must be either in the matter of the suit pending, or in the judgment to be recovered. The witness was not in either of these predicaments. He could not have been entitled to any part of the fruits of the judgment; nor could he avail himself

of the decision in any suit involving the title between himself and the defendants.

The decision in the case of *Smith* v. *Chambers*, 4 Esp. R. 164, would have been directly in point for the defendants, if the lessor had in that case been released from his covenants. He was rejected as a witness for his lessee solely upon the ground, that he was under either an express or an implied covenant of warranty as to the title. As it is, the case is virtually an authority the other way ; for it is manifest, that, but for the covenants, which remained uncancelled, the decision would have been in favor of the admissibility of the witness. Indeed grantors are often admitted to support the titles of their grantees upon being released from liability upon their covenants. *Jackson, ex. dem. Mapes* v. *Frost,* 6 Johns. R. 135; *Van Hoesen* v. *Benham,* 15 Wend. 164.

The cases cited of lessees in possession of demanded premises, who were not admitted as witnesses to support the titles of their landlords thereto, afford no ground upon which to question the correctness of the ruling of the Judge at the trial. While they remained lessees in possession, they clearly had a direct interest in the event of the suits. The decisions against their landlords would have caused them to be ousted of their tenancies.

*Exceptions overruled, judgment on the verdict.*