Betsey (an Indian) *v.* James F. Torrance.

Vendor and vendee : maintenance : champertous deed absolutely void as to adverse holder.—A deed to land in the adverse possession of a third person, though valid as between the grantor and grantee, is absolutely void as to him in possession; and it therefore constitutes no obstacle to a subsequent complete conveyance of the grantor's title as it existed before the execution of the deed to the adverse holder.

In error from the Circuit Court of Yallabusha county.    Hon. W. Cothran, judge.

A correct statement of the case will be found in the opinion of the court and the brief of the counsel for plaintiff in error.

*George L. Potter,* for plaintiff in error.

This was an action of ejectment to recover lands reserved to Betsey, under the supplement to the Treaty of Dancing Rabbit Creek.    The reservation and possession of defendant were duly proven.    It was also proven that on the 5th of April, 1853, Betsey conveyed the land to Devaney, with covenants of warranty, and constituted him her attorney, irrevocable, to sue for and recover the same.    The land was in Yallabusha county, and this deed was there recorded in April, 1853.    It further appeared that in February, 1854, Betsey released and quitclaimed her interest to Torrance; and that, at the dates of said two deeds, Torrance held the lands adversely under a deed from one Williams.

At the instance of defendant, the court charged that the deed to Devaney was void as to Torrance, and that the deed from Betsey to the latter vested him with a perfect title.

Verdict was for defendant.    Motion for new trial overruled, and exceptions filed.

The case shows that Betsey was real owner, and that defendant held against her without a valid title ; and she was entitled to recover the land, unless her deed to Torrance barred her right. It will be noted that her deed to Devaney was recorded before she released to Torrance, and the point presented is, whether, as assumed by the judge, her quitclaim to defendant, passed the title, notwithstanding her prior conveyance to Devaney.

I admit that the deed to Devaney, by reason of the adverse possession of defendant, was so far inoperative that it vested in him no *right of action* as against Torrance, but insist that, for every other purpose, it was valid and effectual as a conveyance of the land.

Kent says, that by concurrent testimony of the common law authorities, a champertous deed is good between grantor and grantee. 4 Kent's Com. 448.

" A feoffment upon maintenance or champerty is not void against the feoffor, but against him who hath right." Croke Eliz. 445.

The courts of New York say : " It is settled law that such a deed is good between the parties to it ; it is good against the grantor and his heirs ; it conveys all the interest of the grantor to the grantee, but the grantee cannot enforce it in his own name against the disseisor, though it may be done in the name of the grantor." *Livingston* v. *Peru Iron Co.*, 9 Wend. 523.

Such deed " conveys all the interest of the grantor to the grantee. The grantees could not enforce it in their own names, but may do so in the name of the grantor." *Stockton* v. *Williams*, 1 Doug. (Mich.) 567.

Such deed operates by way of estoppel, and the grantee is entitled to maintain an action in the name of the grantor, to recover possession, " and thereupon to hold the same to his own use by an indefeasible title." *Wade* v. *Lindsey*, 6 Met. 413, 414; *Edwards* v. *Parkhurst*, 21 Vermont, 474, 475.

" The deed is absolutely void against the person holding adversely ; and as against him the title is still in the grantor, *but in trust for the use of the grantee*, and the suit must be in his name ; and when a recovery is had, it will inure to the benefit of the grantee." *University* v. *Joslyn*, 21 Vermont, 61.

It thus appears that a champertous deed " is good against the grantor;" " it conveys all the interest of the grantor to the

grantee;" that although, as against the adverse possessor, it cannot be used as evidence of title *to sue,* and so "the grantee cannot enforce it *in his own name* against the disseisor," still " it may be done in the name of the grantor." Though, as against disseisor the deed be inoperative as a right of action, the grantor holds, as against him, " in trust for the use of the grantee;" "and when a recovery is had, it will inure to the benefit of the grantee," who, upon recovery by the grantor, is entitled " to hold the same to his own use by an indefeasible title."

Though the title be in the grantor, his recovery is for the grantee, who is entitled to use the name of the grantor and recover against the adverse holder.    *Wilson* v. *Nance,* 11 Humph. 191; *Jackson* v. *Leggett,* 7 Wend. 379, 380.

The sum of the matter is, that a champertous deed is good, as a conveyance, against the grantor and all others, save the adverse possessor; and is inoperative as against him, because it is an attempt to transfer *a right of action.*    The same rules seem to apply as where transfers are attempted of other choses in action, which are not assignable at law; and the same policy governs in this and all like cases, namely, the suit must be in the name of the assignor, but the beneficial interest in the recovery belongs to the assignee.    The policy of the law is vindicated, and the rights of the possessor secured by requiring the suit, in such case, to be in the name of the grantor.    As was said by the New York court: " It is true the recovery will inure to the benefit of the grantee in the deed; but that is a matter between him and the grantor, and with which the person holding adversely has nothing to do.    It is enough for him that the deed does him no injury."    *Livingston* v. *Proseus,* 2 Hill (N. Y.) 529.

By such deed to a third party, the disseisee is so wholly divested of all beneficial right, that he is a competent witness, against the disseisor, in a suit for the land.    " He has no legal interest in the event of the suit."    *Van Hœsen* v. *Benham,* 15 Wend. 165.

Upon these authorities, it is clear that the deed from Betsey to Torrance did not affect the prior rights accruing to Devancy, under his deed from her, and could not bar a recovery for his use.    The charge given for defendant was therefore erroneous; and the charge asked for plaintiff that, after the deed from Betsey to

Betsey (an Indian) *v.* Torrance.

Devaney, she could do no act to impair his rights, was improperly refused.

In another view, the case is equally clear against Torrance. He occupies two positions in the defence, and cannot be permitted to *combine them*. As *purchaser* from Betsey, he seeks to bar her recovery by producing her deed to him ; whilst he interposes his character of *adverse possessor*, to defeat the rights of Devaney.

When he would defeat Devaney, the defendant proves his adverse possession, and pleads the law of champerty. He then turns against Betsey, assumes the character of a purchaser, and pleads her deed to him in bar of her recovery ! The law of champerty avails him only as adverse possessor, and not as purchaser. In his character of adverse possessor, only, can he plead champerty; and when he claims as purchaser he stands on the footing of a third party, and cannot interpose his subsequent purchase against the prior deed to Devaney.

Where a statute declares a fraudulent deed void as to creditors, such deed is held good against the grantor and all others except creditors. Would it be pretended that a creditor of a fraudulent grantor could assume the character of purchaser from that grantor, pay the purchase-money and take a deed and use it, under the statute, to defeat the estate of the fraudulent grantee ? The conclusive reply against him would be, that when he claimed as purchaser he must stand as such; and that he could claim the rights of creditor only when he sought to enforce his judgment.

It follows that plaintiff should have had verdict and judgment for the land. But, however this may be, the verdict is clearly wrong in this,—it acquits the defendant wholly, and relieves him of all claim for rents and costs. He purchased *pending the suit*, and proved he was in possession. He is liable, in any event, for rents, up to the date of his deed, and for costs up to the day of the trial, and the verdict should have been accordingly.

*Aldridge* and *Golladay*, for defendant in error.

1st. The only point in this case was decided by the court, when it was formerly here.

" In an action of ejectment, at common law, or in an action under the new Pleading Act, for the recovery of land, the legal

title to the land, *at the time of the trial*, must be in the plaintiff, in order to justify a judgment for the recovery of the land." 1 George Miss. 129.

2d. Devaney, the first purchaser, at the time of the trial, had no title to the land. His purchase was made of Betsey, when Torrance was in adverse possession of the land, and as to Torrance, was a complete nullity.

"But that the deed of a disseisee, during the continuance of the disseisin, is inoperative to convey a title, has, in a modern case, been declared a familiar principle of the common law, which cannot be controverted." Angell on Limitations, 458. *Parker* v. *Proprietors of Locks and Canals*, 3 Metc. (Mass.) Rep. 98 ; *Bradstreet* v. *Huntingdon*, 5 Peters U. S. Rep. 402; *Bledsoe* v. *Doe*, ex dem. Little, 4 How. Miss. 13.

3d. Betsey had no title at the time of the trial of the cause, because she had conveyed to Torrance, who was in possession. The deed of Betsey to Torrance is a valid deed, because, while the law does not permit others to purchase a lawsuit, it favors the purchase made by the party in possession.

The instructions asked by the defendant, are but illustrations of the foregoing general principles, and are properly given ; while those refused for the plaintiff are repugnant to them, and properly refused.

FISHER, J., delivered the opinion of the court.

This was an action brought under the Pleading Act of 1850, in the Circuit Court of Yallabusha county, to recover a tract of land in the possession of the defendant.

Although numerous exceptions were reserved on the trial below, the case turned there, as it must here, upon one point only ; and that is, whether the deed, executed by the plaintiff to the defendant, pending the suit, was sufficient to vest in him her title to the land. The facts are as follows : The defendant, about the year 1852, entered into possession of the land under color of title, claiming it as his own, and adversely to the plaintiff and all others. While the defendant was thus in possession, the plaintiff sold the land to one Jenkins Devaney, who, it may be inferred from the record, caused this suit to be commenced. After this conveyance to De-

vaney, the plaintiff, by a quitclaim deed, released to the defendant, who, after introducing proof as to his adverse possession, introduced this deed of quitclaim to defeat the action.

Under this statement of the case, there is really no difference between counsel. Both parties admit that the deed to Devaney was void as to the defendant in possession of the land, holding under an adverse title. On behalf of Devaney, however, it is said, that the deed, as between him and the plaintiff and all others, except the defendant, is valid. This position may be admitted, and still the result will not be changed. If Devaney's deed was void as to the defendant, there was nothing to restrain him from purchasing from the plaintiff. As between him and the plaintiff, the same right or capacity to contract in regard to the land, existed, as if Devaney's deed had never been executed.

But it is said that the deed of the latter was registered before the defendant purchased. Admit it. If it were void as to the defendant, before registration, this act could not render it valid.

It may be true, as contended by counsel, that the suit was properly commenced; that a recovery could have been had against the defendant, and that such recovery would have inured to the benefit of Devaney, if no superior title in the defendant had been shown. But this is not the question. The law, from considerations of policy, holds the deed of Devaney void, as to the party in the adverse possession of the land; and, being so void, it is as to him as if it had never been executed. Under this aspect of the case, what restrained either the plaintiff from selling or the defendant from purchasing the land, confining the transactions, of course, to these parties? It cannot certainly be said that a void deed could so operate, for otherwise it would not be void.

Under this view of the case, the judgment must be affirmed.

The counsel for the plaintiff in error filed a petition for a re-argument, as follows:—

The plaintiff in error prays that a re-argument be granted him.

The judgment is affirmed, upon the ground that the deed from Betsey to Devaney was void as against Torrance; and it is, therefore, assumed that her deed of quitclaim, to the latter, was opera-

tive to pass the land. The opinion admits that the deed to Dèvaney is valid against Betsey, and against all others, except Torrance.

If, as the court admits, and the authorities agree, the deed from Betsey to Devaney was good *as against her*, and passed her interest in the land, what interest had she to convey by her subsequent quitclaim to Torrance? She quitclaimed to Torrance only such interest as she then had, which was nothing, if her previous deed was good *as against herself*. It is not enough for Torrance to show that the prior deed was inoperative as against *him*, but he must also show it was inoperative as to Betsey, before he can claim an interest under her subsequent deed. If it be true that, as against Devaney, he was privileged to acquire a title, it is equally clear that Betsey had none to convey. It was, therefore, essential for the court to find, not only that Torrance had a right to receive, but that Betsey had something to give—a point not yet declared. And it seems impossible to hold that the first deed was good *against her*, if her second deed passed the land.

It is a mistake to assume that "both parties" admit that the deed to Devaney is *void* as against Torrance. The position of counsel for petitioner is this,—that said deed "was so far inoperative that it vested in him no *right of action*, as against Torrance," but was, for every other purpose, "valid and effectual as a conveyance of the land."

It is true that such a deed is sometimes said to be *void*, as against the adverse possessor; but in what sense, and to what extent is it void as to him? It is inoperative to this extent,—that it gives the grantee no right of action, *in his own name*, against such possessor. I submit that this is the whole extent of the rule, and that the grantee has the right to sue in the name of his grantor, the disseisee, precisely as the assignee of a chose in action, not negotiable, has the right to use the name of his assignor, and sue and recover; and the rights of such grantee will be recognized and protected by courts, precisely as they protect such assignee.

As to such deeds, the authorities hold this language : "It conveys all the interest of the grantor to the grantee, *but* the grantee cannot enforce it *in his own name* against the disseisor, though *it may be done in the name of the grantor*." *Livingston* v. *Peru Iron Co.*, 9 Wend. 523.

If, as this authority holds, such a deed " CONVEYS *all* the interest of the grantor to the grantee," are we not right in saying the deed from Betsey conveyed *all her interest* to Devaney, and that therefore she had nothing to quitclaim to Torrance?

And if, as this case holds, such grantee *may* sue and recover, in the name of his grantor, but cannot sue *in his own name*, is it not true that the grantee has an interest which the courts will recognize and enforce; and that such deed is inoperative only in this,—that it does not give the grantee a right of action, *in his own name*, against the disseisor?

Again, it has been said of such a deed: "The grantees could not enforce it *in their own names*, but *may do so* in the name of the grantor." *Stockton* v. *Williams*, 1 Doug. (Mich.) 567; *Wade* v. *Lindsey*, 6 Met. 413, 414; *Edwards* v. *Parkhurst*, 21 Verm. 474, 475.

Even where the courts declare such deed *void*, as against the adverse holder, they still admit that the grantee has the entire *beneficial* interest. Thus: "The deed is *absolutely void* against the person holding adversely; and as against him the title is still *in the grantor*, but *in trust for the use of the grantee*, and the suit must be in his name; and when a recovery is had, it will inure to the benefit of the grantee." *University* v. *Joslyn*, 21 Vermont, 61.

Thus, where courts declare the title still in the grantor, they hold that his recovery is *for the grantee*, who is *entitled to use* the name of the grantor, *and recover against the adverse holder*. *Wilson* v. *Nance*, 11 Humph. 191; *Jackson* v. *Leggett*, 7 Wend. 379, 380.

It will be noted that these decisions are not cited merely to show that this suit was " properly brought," but to prove that Devaney has, even as against Torrance, a substantial right, which the courts will protect and enforce, through the name of Betsey.

Again, if, as the court assumes, this deed was void, for every purpose, as against Torrance, so that Betsey still had the title, it would follow that she would have had, but for her deed to him, a direct interest in the result of the suit. Yet the courts hold that such grantor "has no legal interest in the event of the suit," and is, therefore, a competent witness against the adverse holder. *Van Hœsen* v. *Benham*, 15 Wend. 165.

These authorities seem to establish our position,—that Devaney has the entire interest in the land, and that he is entitled to enforce it and recover possession by suing in the name of Betsey.

If it be said this view nullifies the law of champerty, we say not. It declares that the *right of action*, against the adverse holder, is not assignable, so as to enable the grantee to sue in his own name; that the grantee cannot sue *upon that deed*, in his own name, and by means of it oust the possessor, but leaves the parties, *for all the purposes of suit*, as if no such deed existed; whilst that deed, for every other purpose, is operative. Can the adverse holder complain that such a deed gives the grantee a right to sue in the name of the grantor, and recover? We answer, in the words of a very learned court, " that is a matter between the grantee and grantor, and with which the person holding adversely has nothing to do. *It is enough for him that the deed does him no injury.*" *Livingston v. Proseus*, 2 Hill (N. Y.) 529.

Again, when Torrance sets up the deed from Betsey to him, he assumes the position of *a purchaser* from her, with knowledge of the prior recorded deed to Devaney. We submit that, in this respect, he stands precisely as would a judgment creditor, who having purchased at private sale the property of his debtor, with knowledge of a prior deed, should attempt to avoid the older conveyance as a fraud upon *creditors*. In such a case, the conclusive reply would be that he claimed not as *a creditor*, but as a *purchaser*. So here, the defendant cannot set up his rights as *disseisor* to sustain his claim as *purchaser*, with notice, under a junior deed.

There is another point, not noticed by the court. The deed to defendant was *made after the suit was brought*. At the date of the suit, plaintiff had a clear right of action. There was also a clear right to recover back rents. But there is a general judgment, and for *all costs*, against plaintiff. If a party sue, and the defendant shows payment after suit brought, plaintiff is still entitled to recover costs up to that time.

Wherefore petitioner prays a re-argument, and that the judgment of the Circuit Court be reversed, and a new trial granted.

FISHER, J., delivered the opinion of the court, upon the petition for a re-argument.

This case is now before the court, upon a petition asking a re-argument. After a careful consideration of the authorities cited by counsel, we are satisfied that the opinion is correct.

The question is not what is the law, but what is the case to which it must be applied. It is a mistake to suppose that the deed executed by the plaintiff to Devaney can even be noticed in this case. If Torrance had set up this deed for the purpose of defeating the action, he would have been told that, as he claimed adversely to it, he could not set it up, for the reason that the very position which he assumed proved the invalidity of the deed. But Torrance, not introducing the deed, it is certain that no one else can introduce it, for the reason that it can serve no purpose, either in sustaining or defeating the title in controversy. If the plaintiff had introduced the deed, she would have admitted its legal effect to transfer the title, and could not, for this reason, have recovered.

The error of counsel is in supposing that Devaney's deed can even raise a question in the case, if we adhere to strict technical rules. The plaintiff could release her cause of action to the party in possession, and, the moment this was done, the suit was at end.

Petition overruled.