LILLIE SIKES WORRELL, *Plaintiff in Error*, v. M. ELLEN FORD, *Defendant in Error.*

Division B.

Decision Filed March 10, 1926.

*Judson & Hopper,* for Plaintiff in Error;

*J. W. Howell,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

---

In an action of ejectment, it may be shown under the general issue whether at the time a conveyance of land was made, a portion of the land covered by the deed of conveyance was adversely held by another, so that the conveyance would be inoperative as to the land adversely held.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

New trial granted.

*Judson & Hopper,* for Plaintiff in Error.

*J. W. Howell,* for Defendant in Error.

PER CURIAM.—Defendant in error obtained a judgment in ejectment for five feet of land west of a fence that the plaintiff in error claimed was the dividing line. Mrs. McGlashan owned the north half of a lot 145 feet wide. She sold 48 feet off the west side to the Worrells, and later sold 97 feet to Fords. There was a fence 53 feet from the true west line of the lot in the center of an alley. The Worrells supposed the fence to be the eastern boundary of their purchase and defended on that ground.

The controlling question in the case is whether under the conveyance from Mrs. McGlashan to them of "Forty-eight (48) feet off the west side of the north half of Lot one (1) Block fifteen (15) of West Lakeland, the same being in Lakeland," the Worrells intended to claim and did claim and occupy all of the land included within the two fences that stood on the western part of the north half of said Lot 1, although the east fence is five feet more than 48 feet east of the true line of the west side of the lot. If the Worrells did so intend to claim and did claim and occupy adversely such five feet when the conveyance of the adjoining property to the Fords by Mrs. McGlashan was made, such conveyance was ineffectual as against the Worrells. See Liddon v. Hartwell, 22 Fla. 442; Watrous v. Morrison, 33 Fla. 261, 14 South. Rep. 805; Bossom v. Gillman, 70 Fla. 310, 70 South. Rep. 364; 84 Fla. 134; 70 Fla. 13; 26 Fla. 390.

Under the general issue it could have been shown that under the conveyance by Mrs. McGlashan to the Worrells of 48 feet off the west side of the north half of lot 1, the Worrells intended to and did have and claim adverse possession of the western portion of the north half of the lot

up to the east fence, which was 53 feet east of the true west line of the lot, so that the conveyance by Mrs. McGlashan of the eastern 97 feet of the north half of the lot to the Fords would not be effective against the Worrells because of their adverse claim and possession, as to the five feet west of the eastern fence, the width of the lot being 145 feet. Mrs. Worrell testified that all she claimed was the 48 feet she bought and that it was between the east and west fences; and that she cultivated shrubbery on the west side of the east fence; but she did not testify specifically that she occupied and claimed under the conveyance to her of 48 feet off the west side of the lot, the five feet west of the east fence; and that she so claimed and occupied the five feet when Mrs. McGlashan conveyed the east 97 feet of the lot to the Worrells.

While there is some evidence in support of the verdict, justice would best be subserved by granting a new trial.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the Opinion.

WHITFIELD, J., concurring.—Duly executed deeds conveying title to lands or tenements in this State, operate under the statute of uses to transfer the possession to the grantees without livery of seizin or an actual delivery of possession, "provided that livery of seizin can be lawfully made of the lands or tenements at the time of the execution of said deeds." Sec. 3795 Rev. Gen. Stats. 1920.

If lands or tenements that are included in a deed of conveyance, are adversely claimed and occupied by another, the grantor cannot give seizin or possession, and the deed of conveyance is inoperative as to the land so adversely

claimed and occupied, since in such case the deed does not convey title which consists of (1) right of property; (2) right of possession and (3) possession. If the possession of land is because of a mistake or an inadvertence and it is not the intention of the one in possession to hold possession if he has no right to do so, such possession is not adverse, and will not render a conveyance by the owner inoperative.

Where the owner of land by a duly executed deed conveys a portion of the land to one grantee who intentionally takes and holds possession of a portion of the grantor's land that was not covered by the deed of conveyance having a purpose and intent to hold it upon the claim that it was, or was intended to be, included in the conveyance, if the owner by deed conveys to a third party another portion of the land including that so adversely held, such conveyance is inoperative as to the land adversely held. But if such land is occupied by mistake and not with an intent to claim and hold it if it is not included in the conveyance, the possession is not adverse, and a conveyance of the land would not be inoperative because of the mistake but not adverse possession.

The test is whether the party in possession intends to hold only to the true line, wherever it may be, or whether he makes his claim and intends to hold to the specific line that bounds his possession. If the latter, the possession is adverse; but it must be shown and is not presumed. If land covered by a deed of conveyance is in the adverse possession of another, the conveyance is inoperative as against such adverse holder.

"In such case, in contemplation of law, as between the grantor, grantee and the person in adverse possession, the title remains in the grantor or original proprietor, and he may sue to recover the land, but the deed to lands thus

held in adverse possession, being good as against the grantor, his heirs and strangers, and void as to the party in possession, an action will lie against him in the name of the grantor notwithstanding such deed, but not in the name of the grantee. And such recovery when had by the grantor will inure to the benefit of the grantee. Hamilton vs. Wright, 37 N. Y. 502; Wade vs. Lindsey, 6 Metcalf, 413, 414; Betsey vs. Torrance, 34 Miss., 138; Wilson vs. Nance, 11 Humph., 191; Edwards vs. Parkhurst, 21 Vt., 472.'' Coogler v. Rogers, 25 Fla. 853, text 867, 7 South. Rep. 391.

If the occupation is by mere mistake and with no intention upon the part of the occupant to claim, as his own, land which does not belong to him, but he intends to claim only to the true line wherever it may be, the holding is not adverse. If, however, the occupant takes possession believing the land to be his own upon to the mistaken line and claiming title to it, and so holds, the holding is adverse. The intent to claim title up to the line is an indispensable element of adverse holding; the claim of right must be as broad as the possession. Watrous v. Morrison, 33 Fla. 261, 14 South. Rep. 805, 22 Fla. 442.

Where a conveyance is of a stated number of feet off a named side of a stated lot in a subdivision of a municipality, which lot is shown on a map or plat representing a survey and platting of land including the lot, such conveyance embraces land to the stated number of feet from the true line of the stated side of the lot as it was surveyed and platted, unless some other portion of the conveyance controls or limits or extends the particular description of a stated number of feet off the given side of the lot. See Andreu v. Watkins, 26 Fla. 390, 7 South. Rep. 876.

In this case Mrs. McGlashan owning the north half of a lot 145 feet in width, conveyed to the Worrells ''48 feet off

the west side of'' the north half of the lot. The true west line of the lot was in the center of a ten-foot alley. The west fence on the lot was five feet east of the true west line. Another fence running north and south was 53 feet east of the true west line of the lot and 48 feet east of the western fence on the lot. The Worrells assumed that they bought the 48 feet between the fences. They occupied it, but it is not clear that they intended to claim and hold to the east fence whether it was their true east line or not.

Mrs. McGlashan conveyed the east 97 feet of the north half of the lot to the Fords, and later, on discovering that there were only 92 feet in the lot east of the east fence referred to, the Fords brought ejectment to recover five feet west of the east fence occupied by the Worrells. The Worrells defended on the ground of an adverse holding of the five feet by them when the conveyance was made to the Fords by Mrs. McGlashan. While the evidence is not entirely clear that when Mrs. McGlashan executed the deed of conveyance to the Fords, the Worrells intended to claim and to hold to the fence whether that was their true east line or not, the whole record shows a case of such a nature that a new trial would be fair to the rights of all.